GORSUCH, J., concurring

# SUPREME COURT OF THE UNITED STATES

————

No. 24A653

————

## JAMES R. McHENRY, III, ACTING ATTORNEY GENERAL, ET AL. *v.* TEXAS TOP COP SHOP, INCORPORATED, ET AL.

ON APPLICATION FOR STAY

[January 23, 2025]

The application for stay presented to JUSTICE ALITO and by him referred to the Court is granted. The December 5, 2024 amended order of the United States District Court for the Eastern District of Texas, case No. 4:24–cv–478, is stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought. Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

JUSTICE GORSUCH, concurring in the grant of stay.

I agree with the Court that the government is entitled to a stay of the district court's universal injunction. I would, however, go a step further and, as the government suggests, take this case now to resolve definitively the question whether a district court may issue universal injunctive relief. See *Labrador* v. *Poe*, 601 U. S. \_\_\_, \_\_\_–\_\_\_ (2024) (GORSUCH, J., concurring in grant of stay) (slip op., at 4–5, 11–13); *Department of Homeland Security* v. *New York*, 589 U. S. \_\_\_, \_\_\_–\_\_\_ (2020) (GORSUCH, J., concurring in grant of stay) (slip op., at 1–5).

# SUPREME COURT OF THE UNITED STATES

---

No. 24A653

---

## JAMES R. McHENRY, III, ACTING ATTORNEY GENERAL, ET AL. *v.* TEXAS TOP COP SHOP, INCORPORATED, ET AL.

ON APPLICATION FOR STAY

[January 23, 2025]

JUSTICE JACKSON, dissenting from the grant of stay.

However likely the Government's success on the merits may be, in my view, emergency relief is not appropriate because the applicant has failed to demonstrate sufficient exigency to justify our intervention. See *Labrador* v. *Poe*, 601 U. S. \_\_\_, \_\_\_ (2024) (JACKSON, J., dissenting from grant of stay) (slip op., at 1). I see no need for this Court to step in now for at least two reasons. First, the Fifth Circuit has expedited its consideration of the Government's appeal. Second, the Government deferred implementation on its own accord—setting an enforcement date of *nearly four years* after Congress enacted the law—despite the fact that the harms it now says warrant our involvement were likely to occur during that period. The Government has provided no indication that injury of a more serious or significant nature would result if the Act's implementation is further delayed while the litigation proceeds in the lower courts. I would therefore deny the application and permit the appellate process to run its course.